## Green *against* Fricker.

An award of arbitrators finding no cause of action, " as they consider the action to be prematurely brought," is a finding for the defendant, and a judgment upon it is conclusive of the plaintiff's right, the latter words being rejected as surplusage; as mere reasons for the finding.

A mortgage thus situate, and due more than twenty years, forms no defence to an action to recover the purchase money of land covered by it.

ERROR to the Common Pleas of *Berks* county.

Anthony Fricker and others against John Green. This was a *scire facias* upon a mortgage given to secure the purchase money of real estate sold by the plaintiffs to the defendant. The suit was brought to August term 1840. The defendant gave in evidence a mortgage given by William Fricker, under whom the plaintiffs claimed, and which covered the same property, dated 1st December 1807, conditioned for the payment of £620.05 on the 1st December 1808 with interest; and exhibited the record of a *scire facias* issued upon it to August term 1822, and a reference of the cause to arbitrators in 1827, who reported " no cause of action, as we consider the action to have been prematurely brought." From this report there was no appeal.

Banks (President) instructed the jury that the evidence given furnished no defence, and directed the jury to find for the plaintiffs.

*Barr*, for plaintiff in error.
*Smith*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—We see no error in charging the jury that the facts given in evidence furnish no defence to the payment of the money on the mortgage. The mortgage on which the defendant relies is dated the 1st December 1807, conditioned for the payment of £620.05 on the 1st December 1808. The presumption from lapse

[Green v. Fricker.]

of time then is, that the money has been paid, and there is nothing in the evidence to rebut this presumption. Again, a *scire facias* was brought on the mortgage to August term 1822. The cause was submitted to arbitration, and the arbitrators reported there was no cause of action, " as they considered the action to be prematurely brought." The latter words form no part of the report, as they are the reasons merely on which they ground their award. If it could be shown that the suit was prematurely brought, there would be some reason for the fear of the defendant that it would not bar a subsequent suit; but so far from this being the case, the reverse is perfectly certain. Indeed, it is difficult to imagine a reason for this opinion; for the mortgage is due in 1808, and the suit was not brought until August term 1822. The latter words of the award must be rejected as surplusage, so that it stands as an award of no cause of action which will bar any suit that may hereafter be brought to enforce the mortgage.

· Judgment affirmed.